# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00010-CV

---

**Kathleen Connor Holcomb, Appellant**

**v.**

**Seton Medical Center, Appellee**

---

### FROM THE 169TH DISTRICT COURT OF BELL COUNTY
### NO. 22DCV333503, THE HONORABLE CARI L. STARRITT-BURNETT, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from the trial court's order granting a motion to dismiss for failure to serve an expert report as required by the Texas Medical Liability Act. The sole issue is whether the claim is a health care liability claim and thus subject to the Act's expert-report requirement. For the reasons stated below, we hold that it is and therefore affirm.

## BACKGROUND

Seton Medical Center is a hospital. Kathleen Holcomb is an individual who received outpatient care at Seton.

After Holcomb was treated, Seton employees transported Holcomb from the hospital back to her car. Unfortunately, while assisting Holcomb into her car, the employees dropped her, causing her to break her foot and ankle.

Holcomb sued Seton for negligence, alleging she was injured "as a patient" and "under the care" of Seton. Holcomb asserted that Seton's employees had a duty to "properly transport" her from the hospital back to her car. Holcomb asserted that the standard of care required Seton to "assess" her for risk of falls and to take "necessary measures" to prevent a fall. Holcomb claimed this standard derived in part from certain provisions of the Administrative Code then in effect. These provisions, Holcomb explained, required hospitals like Seton to implement measures to promote a safe environment for patients and visitors. These measures included developing, implementing, and maintaining a Patient-Safety Program and providing patient-safety education and training to staff with responsibilities related to the Program. 25 Tex. Admin. Code § 133.48(a)(2), (3) (2007) (Department of State Health Services, Patient Safety Program), *repealed by* 46 Tex. Reg. 2023 (2021).

Seton moved to dismiss under the Texas Medical Liability Act, arguing that Holcomb's negligence claim is a health care liability claim and thus subject to the Act's expert-report requirement. Tex. Civ. Prac. & Rem. Code § 74.351(a). Because Holcomb failed to timely serve an expert report, Seton argued, the trial court had to dismiss her claim. *Id.* § 74.351(b).

The trial court agreed, granted Seton's motion, and dismissed Holcomb's claim. Holcomb appeals.

## DISCUSSION

Under the Texas Medical Liability Act, a claimant who asserts a "health care liability claim" must timely serve an expert report. *Id.* § 74.351(a), (r)(6). If the claimant fails to timely serve a report, the trial court must dismiss the claim. *Id.* § 74.351(b).

2

The sole issue here is whether Holcomb's claim is a health care liability claim and thus subject to the Act's expert-report requirement. This is a question of law we review de novo. *Collin Creek Assisted Living Ctr., Inc. v. Faber*, 671 S.W.3d 879, 885 (Tex. 2023).

Whether Holcomb's claim is a health care liability claim turns on the claim's underlying nature rather than its label. *Id.* To determine the claim's nature, we focus on the set of operative facts underlying the claim that are relevant to Holcomb's alleged injuries, not on how her pleadings describe the facts or legal theories asserted. *Id.* If those facts *could* support a health care liability claim, then the claim *is* a health care liability claim. *Id.* at 885, 889.

To determine whether a given set of operative facts could support a health care liability claim, we turn to the language of the Act. The Act defines a "health care liability claim" as

> a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

Tex. Civ. Prac. & Rem. Code § 74.001(a)(13). Thus, under the Act, a "health care liability claim" must satisfy three elements:

1. the claim must be asserted against a physician or health care provider,

2. the claim must be based on an alleged departure from accepted standards of medical care, health care, safety, or related professional or administrative services, and

3. the alleged departure must proximately cause the claimant's injury or death.

3

*Id.*

It is undisputed the first and third elements are satisfied here. As a hospital, Seton is a health care provider. *Id*. at §§ 74.001(a)(11)(G) (defining "health care institution" to include "a hospital"), (12)(A)(vii) (defining "health care provider" to include "a health care institution"). And Holcomb has alleged that Seton's departure from accepted standards proximately caused injuries to her foot and ankle. Thus, only the second element is at issue: whether Holcomb's claim is based on an alleged departure from accepted standards of medical care, health care, safety, or related professional or administrative services. *Id.* § 74.001(a)(13).

The operative facts underlying Holcomb's claim concern alleged departures from standards to promote patient safety. When, as here, the operative facts concern alleged departures from safety standards, there must be a substantive nexus between those standards and the provision of health care for the claim to constitute a health care liability claim. *Faber*, 671 S.W.3d at 888. To determine whether a substantive nexus exists, we apply the nonexclusive multifactor test articulated in *Ross v. St. Luke's Episcopal Hospital*, 462 S.W.3d 496 (Tex. 2015). *Faber*, 671 S.W.3d at 887–88 (extending *Ross* to all safety-standard claims). That test asks:

1. whether the defendant's alleged negligence occurred in the course of the defendant performing tasks with the purpose of protecting patients from harm;

2. whether the injuries occurred in a place where patients might be during the time they were receiving care, so that the obligation of the provider to protect persons who require special, medical care was implicated;

3. whether the claimant was in the process of seeking or receiving health care at the time of the injury;

4. whether the claimant was providing or assisting in providing health care at the time of the injury;

4

5. whether the alleged negligence is based on safety standards arising from professional duties owed by the health care provider;

6. whether any instrumentality involved was a type used in providing health care; and

7. whether the alleged negligence occurred in the course of the defendant taking action or failing to take action necessary to comply with safety-related requirements set for health care providers by governmental or accrediting agencies?

*Id.* at 888.

Considering the operative facts in light of the relevant *Ross* factors, we hold that the requisite substantive nexus exists.

First, Seton's alleged negligence occurred in the course of Seton employees performing a task with the purpose of protecting Holcomb from harm—safely transporting Holcomb from the hospital to her car. Patients leaving hospitals often require and receive special assistance because their physical condition puts them at a risk for falls. Here, the entire point of Seton's employees transporting Holcomb and assisting her into her car was to make sure she did not fall.

Second, Holcomb's injuries occurred in a place where patients might be receiving care, implicating Seton's duty to protect persons who require special, medical care. Texas courts have consistently recognized that the safe transport of patients to and from health care facilities is encompassed within the provision of health care. *See, e.g.*, *Faber*, 671 S.W. at 891–92; *City of Houston v. Houston*, 608 S.W.3d 519, 531 (Tex. App.—Houston [1st Dist.] 2020, no pet.); *Taton v. Taylor*, No. 02-18-00373-CV, 2019 WL 2635568, at *5–6 (Tex. App.—Fort Worth June 27, 2019, no pet.) (mem. op.); *Sherman v. HealthSouth Specialty Hosp., Inc.*, 397 S.W.3d 869

(Tex. App.—Dallas 2013, pet. denied). So, a place to which hospital employees might be transporting a patient is a place in which patients might be receiving care.

Third, at the time of Holcomb's injuries, she was in the process of receiving health care—assistance into her car. *See Omaha Healthcare Ctr., LLC v. Johnson*, 344 S.W.3d 392, 395 (Tex. 2011) (holding that "health care" encompasses any act or treatment performed or furnished by a health care provider).

Fourth, Holcomb was not providing or assisting in providing health care at the time of her injuries, so the fourth factor is inapplicable.[1]

Fifth, Seton's alleged negligence is based on safety standards arising from professional duties owed by Seton as a health care provider. Holcomb alleges that Seton negligently failed to assess her for risk of falls and negligently failed to implement necessary measures to prevent her from falling. The duties to assess a person's individual fall risk and implement corresponding measures to prevent that person from falling are specific to health care. *See Faber*, 671 S.W.3d at 892 (assisted-living facility had obligation to prevent falls on sidewalk outside facility where residents were "commonly transported and transferred into vehicles"). Therefore, the allegations that Seton breached its standard of care by failing to assess Holcomb's risk for falls and take necessary measures to prevent her fall are allegations of negligence based on safety standards arising from professional duties owed by Seton as a hospital and health care provider.

---

[1] In a particular case, the claimant will usually be seeking or receiving health care, or providing or assisting in providing health care, but not both. Thus, courts have recognized that if either factor supports the conclusion that a claim is a health care liability claim, evaluation of the other factor is unnecessary. *Collin Creek Assisted Living Ctr., Inc. v. Faber*, 671 S.W.3d 879, 892 n.15 (Tex. 2023).

6

Sixth, there is no evidence Seton's employees used a wheelchair, gurney, or other instrumentality in transporting Holcomb from the hospital to her car, so the sixth factor is inapplicable.

Seventh, Seton's alleged negligence occurred in the course of Seton taking action or failing to take action necessary to comply with safety-related requirements set for health care providers by governmental or accrediting agencies. Holcomb contends that Seton's standard of care derived in part from certain provisions of the Administrative Code in effect at the time of her injury. *See* 25 Tex. Admin. Code § 133.48(a)(2), (3) (2007) (Department of State Health Services, Patient Safety Program), *repealed by* 46 Tex. Reg. 2023 (2021). Holcomb contends that these provisions required hospitals like Seton to implement measures to promote a safe environment for patients and visitors. *Id.* These measures included developing, implementing, and maintaining a Patient-Safety Program and providing patient safety education and training to staff with responsibilities related to the Program. *Id.* Holcomb alleges that she was injured in part because Seton failed to comply with these regulations—that is, Holcomb alleges that if Seton's employees had been properly trained per the regulations then in effect, they would not have dropped her.

In sum, five of the seven *Ross* factors are satisfied, and the other two are inapplicable. Therefore, consistent with other courts addressing injuries sustained during patient transports, we hold Holcomb's claim is a health care liability claim. Thus, Holcomb was required to timely serve an adequate expert report, and because she did not, the trial court properly dismissed her claim with prejudice. *See* Tex. Civ. Prac. & Rem. Code § 74.351(a), (b).

7

**CONCLUSION**

Because Holcomb's claim is a health care liability claim, we affirm.

_____

Maggie Ellis, Justice

Before Justices Theofanis, Crump, and Ellis

Affirmed

Filed:   August 27, 2025